UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Patrice V. Nerad, | Civ. No. 24-2248 (PAM/DLM) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| Regions Hospital; Dr. Barclay Jones, individually; Ramsey County, a municipal corporation; Washington County, a municipal corporation; Charles Burfeind, in his official capacity; the City of Oakdale, a municipal corporation; and Tom Higgins, in his official capacity; | |
| Defendants. | |

This matter is before the Court on the motions to dismiss by Defendants Regions Hospital, Dr. Barclay Jones, and Ramsey County. (Docket Nos. 42, 45.) For the following reasons, the Motions are granted.

**BACKGROUND**

The factual backdrop of this case spans eighteen years. On November 21, 2006, Plaintiff Patrice Nerad asked the Oakdale Police Department for advice about a civil legal matter, and police informed her that they could not assist her. (Am. Compl. (Docket No. 40) ¶ 18.) Nerad told them that "she had been sexually assaulted some time ago" and alleges that she felt pressured by the police to file a police report. (Id. ¶ 19.) Nerad left but later returned, at which point she claims that "she was handcuffed and pulled into a squad car by [Officer] Tom Higgins" without explanation. (Id. ¶¶ 19–21.)

Officer Higgins drove Nerad to Defendant Regions Hospital, where she was placed on a 72-hour psychiatric hold. (Id. ¶ 21.) Dr. Barclay Jones was the psychiatrist at Regions who treated Nerad during her 72-hour hold. (Id. ¶ 26.) Nerad claims that Dr. Jones "never visited" her and "refused to listen to her or answer her questions." (Id.) She also claims that her commitment was based on Dr. Jones's flawed diagnosis. (Id.) Nerad alleges that Dr. Jones was motivated to seek her commitment because "he disliked her because she reminded him of his sister, who[sic] he also disliked" and wanted to "teach her a lesson." (Id.) She further claims that while at Regions Hospital, "she was administered neuroleptic drugs without her consent" and in the absence of a court order. (Id. ¶ 27.) As to the latter point, the record establishes to the contrary. (See 2d. Decl. of Anthony J. Novak ("2d Novak Decl.") (Docket No. 51), Exs. 3–4.)

Thereafter, on November 28, 2006, a petition to civilly commit Nerad was initiated in Ramsey County Probate Court.[1][2] (Am. Compl. ¶¶ 24, 28.) A Washington County employee, Charles Burfeind, interviewed Nerad as part of the process. (Id. ¶ 24.) Nerad contends that the interview was "inadequate and not in compliance with Minnesota statutes" because her physician was never consulted on the matter and Burfeind asked her numerous personal questions about the incident. (Id.)

The Ramsey County District Court held a commitment trial on December 16, 2006,

---

[1]   Nerad resided in Washington County and civil-commitment hearings for residents of Washington County are heard in Ramsey County. (Am. Compl. ¶¶ 23, 28.)
[2]   The Amended Complaint lists the date that the petition was initiated as November 27, 2006 (Am. Compl. ¶ 28); however, the petition was initiated on November 28, 2006. (See 2d Novak Decl., Ex. 3.) This minor discrepancy does not affect the instant Motions.

and on January 3, 2007, at the conclusion of which, the court ordered Nerad to be civilly committed and to receive treatment with neuroleptic medication. (2d. Novak Decl., Ex. 4 (In re the Civil Commitment of Patrice Nerad, Ramsey Cnty. Prob. Ct. File No. 62-MH-PR-06-714, Jan. 3, 2007).) On January 22, 2007, the Ramsey County Probate Court denied Nerad's petition for a rehearing, concluding that the evidence did not support dismissal of the commitment and treatment orders. (Id., Ex. 5 (In re the Civil Commitment of Patrice Nerad, Ramsey Cnty. Prob. Ct. File No. 62-MH-PR-06-714, Jan. 22, 2007).) She was transferred from Regions to another facility where she remained for approximately a month, until she was released. (Am Compl. ¶ 43.)

In 2011, Nerad filed a medical malpractice case against Regions and Dr. Jones, among other defendants not named in the instant lawsuit. (Id. ¶ 31; 1st Decl. of Anthony J. Novak ("1st Novak Decl.") (Docket No. 35), Ex. 1 (Nerad v. Regions Hosp., No. A11-1439, 2012 WL 987313 (Minn. Ct. App. Mar 26, 2012)).) That case was dismissed as an improper attack on Nerad's civil commitment.

In the intervening years, Nerad made attempts to challenge her civil commitment. In 2014, a Ramsey County Probate Court denied Nerad's motion to vacate her judicial commitment and neuroleptic treatment orders, finding that the motion was untimely. (Decl. of Wayne B. Holstad ("Holstad Decl.") (Docket No. 47-1), Ex. C (In re the Civil Commitment of Patrice Nerad, Ramsey Cnty. Prob. Ct. File No. 62-MH-PR-06-714, Oct. 23, 2014).) In 2021, however, Nerad again challenged her civil commitment.[3] (Am.

---

[3] Nerad was represented by different attorneys in her various efforts to overturn her commitment.

3

Compl. ¶ 32.) In 2022, a Ramsey County probate judge vacated the January 2007 order for commitment and administration of neuroleptic medication and dismissed the 2006 petition for civil commitment. (Holstad Decl., Ex. D (In re the Civil Commitment of Patrice Nerad, Ramsey Cnty. Prob. Ct. File No. 62-MH-PR-06-714, June 13, 2022).) The judge determined that Nerad's previous attorneys "were ineffective in that they neglected her case and failed to file timely motions. There is no question that their representation fell below an objective standard of reasonableness." (Id. at 2.) The judge further concluded that the evidence presented at the December 2006 trial did not support the finding that she was a danger to herself and others, as stated in the January 2007 order. (Id.)

This determination caused Nerad to sue one of the attorneys who represented her in three legal matters related to her commitment. The court dismissed her lawsuit as time barred. (1st Novak Decl., Ex. 2 (Nerad v. Magnus, No. A23-508, 2023 WL 8539599, at *1 (Minn. Ct. App. Dec. 11, 2023)).)

Nerad then commenced this action in June 2024 and filed an Amended Complaint. In the Amended Complaint she raises a wrongful-confinement claim and an invasion of privacy claim for the wrongful injection of neuroleptic medications, both in violation of the Fourteenth Amendment of the U.S. Constitution. She seeks monetary damages and injunctive relief against four groups of Defendants: Regions and its employee, Dr. Jones; Ramsey County; Washington County and its former employee, Charles Burfeind; and the City of Oakdale, and its former employee, Tom Higgins. Ramsey County, Regions, and Dr. Jones move to dismiss the claims against them.

4

**DISCUSSION**

To survive a motion to dismiss under Rule 12(b)(6), a complaint need only "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Fed. R. Civ. P. 12(b)(6). A claim bears facial plausibility when it allows the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When evaluating a motion to dismiss under Rule 12(b)(6), the Court must accept plausible factual allegations as true. Gomez v. Wells Fargo Bank, N.A., 676 F.3d 655, 660 (8th Cir. 2012). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to support a claim. Iqbal, 556 U.S. at 678. At this stage, the Court assumes the allegations in the Amended Complaint are true and views them in the light most favorable to Nerad. See Miller v. Redwood Toxicology Lab., Inc., 688 F.3d 928, 933 n.4 (8th Cir. 2012).

**A.   Regions and Dr. Jones**

Regions and Dr. Jones contend that the Court should dismiss the claims against them because Nerad has failed to state a claim upon which relief can be granted. They argue that: (1) the statute of limitations has lapsed; (2) this lawsuit is an improper collateral attack on civil commitment orders that are facially valid; (3) the doctrine of res judicata bars her claims; and (4) Regions and Dr. Jones are legally immune from suit under the Minnesota Commitment and Treatment Act. Nerad opposes the Motion, asserting that Regions and Dr. Jones are state actors under § 1983 and that equitable tolling applies in light of the

Eighth Circuit Court of Appeals' recent decision in Brennan v. Cass Cnty. Health, Hum. & Veteran Servs., 93 F.4th 1097 (8th Cir. 2024).

To bring a lawsuit under the Fourteenth Amendment, a plaintiff must use the procedural vehicle of § 1983, Wax'n Works v. City of St. Paul, 213 F.3d 1016, 1019 (8th Cir. 2000), which prohibits persons acting "under color of any statute, ordinance, regulation, custom, or usage, of any State . . ." from depriving another person of his or her "rights, privileges, or immunities secured by the Constitution . . . ." 42 U.S.C. § 1983. "A private party who willfully participates in joint activity with the State or its agents is considered a state actor." Youngblood v. Hy-Vee Food Stores, Inc., 266 F.3d 851, 855 (8th Cir. 2001) (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970)). "In construing that test in terms of the allegations necessary to survive a motion to dismiss, [the Eighth Circuit has] held that a plaintiff seeking to hold a private party liable under § 1983 must allege, at the very least, that there was a mutual understanding, or a meeting of the minds, between the private party and the state actor." Mershon v. Beasley, 994 F.2d 449, 451 (8th Cir. 1993) (citations omitted). "[A] private entity can qualify as a state actor in a few limited circumstances—including, for example, (i) when the private entity performs a traditional, exclusive public function; (ii) when the government compels the private entity to take a particular action; or (iii) when the government acts jointly with the private entity." Manhattan Cmty. Access Corp. v. Halleck, 587 U.S. 802, 809 (2019) (internal citations omitted).

Therefore, for Nerad's claims to survive the Motion to Dismiss, she must sufficiently allege that Regions and Dr. Jones are state actors. Even construing the facts in

the light most favorable to Nerad, she has failed to do so. She alleges no facts reflecting any hint of a mutual understanding between Dr. Jones or Regions and the government. Therefore, Nerad's allegations do not suggest that Regions or Dr. Jones performed any function traditionally reserved for a public entity nor that they acted jointly with the state.

Further, Nerad does not reference any Eighth Circuit precedent indicating that private medical facilities or their physicians have been considered state actors under similar circumstances, and the Court is independently unaware of any such cases. In fact, this court has held that "the weight of authority does not support the conclusion that physicians who participate in civil commitment proceedings [by providing medical care to civil detainees] . . . are state actors." Brennan v. Cass Cnty. Health, Hum. & Veteran Servs., Civ. No. 21-1900, 2022 WL 1090604, at *5 (D. Minn. Apr. 11, 2022) (Tostrud, J.) (citing Jones v. Diner, No. 4:09CV00204 JMM, 2009 WL 1285842, at *2 (E.D. Ark. May 5, 2009) (collecting cases)). Therefore, Nerad's claims against Regions and Dr. Jones fail as a matter of law and must be dismissed. Given the threshold basis on which the Court dismisses the claims, it will not address the additional arguments raised in support of dismissal.

**B.     Ramsey County**

Ramsey County also moves to dismiss the claims against it for failure to allege a plausible claim. As with an individual, a municipality may be held liable under § 1983 if it, "under color of any statute, ordinance, regulation, custom, or usage, of any State . . ., subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C.

7

§ 1983; see Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690–91 (1978).  Municipal liability exists "only where the municipality itself causes the constitutional violation." City of Canton v. Harris, 489 U.S. 378, 385 (1989) (citing Monell, 436 U.S. at 694–95). Municipalities "are not vicariously liable under § 1983 for their employees' actions." Connick v. Thompson, 563 U.S. 51, 60 (2011) (citation omitted).  "[L]iability for a constitutional violation attaches only if the violation resulted from an official municipal policy, an unofficial custom, or a deliberately indifferent failure to train or supervise an official or employee." Tirado v. City of Minneapolis, 521 F. Supp. 3d 833, 840 (D. Minn. 2021) (Tunheim, J.) (citation omitted).

The Amended Complaint lacks any allegation regarding a Ramsey County custom, policy, or any deliberate indifference.  Moreover, Nerad explicitly stated that "[t]he complaint against Ramsey County is not based on allegations of misconduct against the employees of Ramsey County." (Pl.'s Mem. in Opp'n (Docket No. 55) at 7.) Thus, Nerad necessarily fails to state a plausible §1983 claim against Ramsey County.

Additionally, Nerad's claim that Ramsey County should be held liable for the conduct of various state actors in her state court proceedings is unavailing.  Nerad specifically contends that Ramsey County is liable for her court-appointed attorney's ineffective assistance of counsel. (See, e.g., id. at 7–8.) But the Ramsey County District Court appointed Nerad's attorney, not the county itself. (Decl. of Kristine Nogosek ("Nogosek Decl.") (Docket No. 54-1), Ex. 1 (In re the Civil Commitment of Patrice Nerad, Ramsey Cnty. Prob. Ct. File No. 62-MH-PR-06-714 Nov. 30, 2006).) Judges are state, rather than county, employees and are immune from suit. Minn. Stat. § 43A.02, subdivs.

10, 25 (2024); Mireles v. Waco, 502 U.S. 9, 11 (1991). Moreover, "[t]he conduct of counsel, either retained or appointed, in representing clients does not constitute action under color of state law for purposes of a § 1983 violation." Harkins v. Eldredge, 505 F.2d 802, 803 (8th Cir. 1974). Nerad is likewise incorrect that the Assistant Ramsey County Attorney at her civil-commitment hearing was a state actor whose conduct is attributable to Ramsey County. The United States Supreme Court has held to the contrary. See Sebastian v. United States, 531 F.2d 900, 903 (1976) (holding that a prosecutor who prepared a petition resulting in a plaintiff's commitment to a mental hospital was immune from suit). The Court therefore must grant Ramsey County's Motion.[4]

---

[4] In her response brief, Nerad alleges new claims under the Fifth and Sixth Amendments not raised in the Amended Complaint. Claimants are foreclosed from raising new claims in a memorandum of law. Morgan Distrib. Co. v. Unidynamic Corp., 868 F.2d 992, 995 (8th Cir. 1989).

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that**:

1. Defendants' Amended Motions to Dismiss (Docket Nos. 42, 45) are **GRANTED**; and

2. Plaintiff's claims against Defendants Regions Hospital, Dr. Jones, and Ramsey County are **DISMISSED with prejudice**.[5]

Date: December 12, 2024
　　　　　　　　　　　　　　　　　　　　*s/Paul A. Magnuson*
　　　　　　　　　　　　　　　　　　　　Paul A. Magnuson
　　　　　　　　　　　　　　　　　　　　United States District Court Judge

---

[5] Nerad's claims against Regions, Dr. Jones, and Ramsey County are dismissed with prejudice given that repleading would not cure the fundamental legal deficiencies in her claims.